UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 5: 13-12-DCR-02 |
| V. | ) |
| APRIL LEANN BOYD | ) **MEMORANDUM OPINION** |
| Defendant. | ) **AND ORDER** |

*** *** *** ***

Defendant April Boyd is currently incarcerated at Tallahassee Federal Correction Institution, serving a 72-month term of imprisonment for her participation in an oxycodone-trafficking conspiracy. Proceeding *pro se*, Boyd has filed a motion to reduce her term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). [Record No. 109] Boyd requests a two-level reduction in her sentence based on recent changes to the United States Sentencing Guidelines ("U.S.S.G."). For the reasons discussed below, her motion will be denied.[1]

---

[1] The Court has also determined that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

On April 19, 2013, Boyd pleaded guilty to conspiring to distribute oxycodone (Count One) in violation of 21 U.S.C. § 846 and conspiring to commit money laundering (Count Five) in violation of 18 U.S.C § 1956(h).  [Record No. 70]  Pursuant to the written Plea Agreement Boyd reached with the United States, the remaining three counts against her were dismissed.  [Record No. 104]

At the time of entry of her guilty plea, the defendant stipulated to the following facts:

(a) During the dates set forth in the Indictment, in Winchester, Clark County, Kentucky in the Eastern District of Kentucky, the Defendant agreed with Leslie David Hunter, Gregory Reese James, and others to travel to Florida and Georgia to obtain Oxycodone pills, return to Kentucky and to distribute and possess with intent to distribute the pills.

(b) On or about September 5, and December 20, 2012, the Defendant drove Hunter to the Wal-Mart in Winchester, KY where he sold 40 morphine pills and 20 15mg Oxycodone pills to a confidential witness utilized by DEA.

(c) On or about August 6 and 7, 2012, in Winchester, Kentucky, the Defendant and Hunter sold 11 and 8, respectively, morphine pills to a confidential witness utilized by the Winchester Police.

(d) On or about October 18, 2012, in Winchester, Kentucky, the Defendant and Hunter sold 5 30mg Oxycodone pills to a confidential witness utilized by the Winchester Police.

(e) The pills recovered have been submitted to the Kentucky State Police Lab or DEA Central Lab and tested positive for or were identified as containing Oxycodone.

[Record No. 97, p. 2]  In addition, the defendant acknowledged her participation in financial transactions – specifically, the purchase of a 2006 Dodge Charger – using funds derived from the drug sales.  [*Id.*]

Boyd's Base Offense Level was calculated as 26 for both counts.  [Presentence Investigation Report, ("PSR") pp. 5-6]  The defendant received a two-level increase under

U.S.S.G. § 2S1.1(b)(2)(B) as a result of her money-laundering conviction under 18 U.S.C. § 1956, resulting in an Adjusted Offense Level of 28. [PSR, p. 7] Because Boyd's conviction for Count One is treated as an adjustment to the guideline covering Count Five, the counts were grouped for sentencing purposes under U.S.S.G. § 3D1.2(c). [*Id.*] Therefore, pursuant to U.S.S.G. § 3D1.3(a), the Adjusted Offense Level for Count Five became the controlling offense level for both counts. Boyd also received a three-level reduction for her acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, resulting in a Total Offense Level of 25. Combined with a Criminal History Category of III, Boyd's non-binding guideline range was 70 to 87 months. [*Id.*, p. 13]

In arriving at the sentence imposed in this case, the Court carefully considered all relevant factors of Title 18 of the United States Code, Section 3553, including, *inter alia*, the serious nature of the offense, the history and characteristics of the defendant, the detrimental impact such crimes have on the public, Boyd's need for rehabilitation, and the need for adequate general and specific deterrence to future criminal conduct. Ultimately, the Court found that a term of incarceration of 72 months would meet all statutory goals and objectives of sentencing. [Record No. 104] This sentence fell at the bottom of the Guidelines sentencing range applicable to Boyd at that time.

In considering whether a reduction is warranted under the circumstances of the case, the Court again considers the factors under § 3553(a) and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment." *United States v. Curry*, 606 F.3d 323, 330 (quoting USSG § 1B1.10, Cmt. N. 1(B)(ii)). The relevant factors in Boyd's case demonstrate that a reduction would be

inappropriate. The defendant was a participant in a very serious conspiracy to import and distribute a large quantity of prescription pills. She participated in the conspiracy for a lengthy period of time and helped launder her co-conspirator's ill-gotten gains. The Court's interest in protecting the public and providing general deterrence weighs against a reduction here, given the seriousness of the criminal conduct and the quantity of drugs involved.

Boyd has a history of substance abuse since the age of 14, including alcohol, marijuana, cocaine, Xanax, oxycodone, methadone, and morphine. [PSR, p. 11] In support of her motion for a reduced sentence, the defendant asserts that she has completed numerous drug and education programs during her incarceration. [Record No. 109-2] The Court commends Boyd's initiative in seeking treatment, but concludes that the negative statutory factors outweigh this consideration. In addition, the defendant's criminal history is an important factor which must be included in the current analysis. Before the charged offenses, Boyd was convicted of three crimes within a fifteen-month span. [PSR, pp. 7-8] Her record of theft by deception and attempted burglary suggest a need for specific deterrence against potential future crimes that Boyd may be tempted to commit. Moreover, the defendant was on conditional discharge under a criminal justice sentence in a Clark County, Kentucky case while she committed the instant offense. This reflects disrespect for the law and weighs against granting a reduction.

Based on the foregoing analysis, although the defendant is *eligible* for the reduction based on the amendment to the guidelines, application of the amendment is discretionary and is not warranted under these circumstances. Accordingly, it is hereby

**ORDERED** that Defendant April Boyd's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) [Record No. 109] is **DENIED**.

This 28th day of May, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge